### In re PEACOCK.

#### (District Court, E. D. North Carolina. May 16, 1900.)

1. BANKRUPTCY—APPLICATION FOR DISCHARGE—GROUNDS OF OPPOSITION.
   It is no ground of opposition to the discharge of a bankrupt that the debts due to the objecting creditors were contracted in fraud, or that they were induced to sell goods to the bankrupt, and give him credit, by his false representations as to his financial condition at the time, and as to his business relations with a third person.

2. SAME—SUFFICIENCY OF SPECIFICATIONS.
   Specifications in opposition to a bankrupt's application for discharge which allege that he could not account for the proceeds of goods sold, and that, "a short while prior to filing his petition," he sold goods and paid debts contracted several months prior thereto, are too indefinite in substance, and too uncertain in respect to time, to defeat the application.

In Bankruptcy. On bankrupt's application for discharge, and opposition thereto by creditors.

G. E. Hood, for objecting creditors.

PURNELL, District Judge. Some of the creditors of J. W. Peacock, bankrupt, object to a final discharge on grounds set out as follows: First, because of false representations by the bankrupt when the debts were contracted, representing that another (his son) was a member of the firm; second, that notice of the dissolution of the firm was not given to creditors; third, such representations were made without the consent of said son; and, fourth, the bankrupt concealed his true financial condition when the goods were purchased and the debts contracted. These four grounds of objection in effect charge false representations which might amount to a criminal offense, but not

one of the offenses indictable under the bankruptcy act, and hence do not constitute, singly or collectively, a valid objection to a final discharge. The court will refuse a discharge when the bankrupt has committed an offense under the bankruptcy act punishable by imprisonment. Section 14b. The offenses thus punishable are when the bankrupt has knowingly and fraudulently concealed from his trustee any of the property belonging to the estate in bankruptcy; made a false oath or account in, or in relation to, the proceeding in bankruptcy; presented under oath any false claim for proof against his estate, or used any such claim in composition personally, or by agent, proxy, or attorney, or as agent, proxy, or attorney; received any material amount of property from a bankrupt after the filing of the petition, with intent to defeat the act; extorted or attempted to extort any money or property from any person as a consideration for acting or forbearing to act in bankruptcy proceedings. Section 29b. The objections do not allege either of these offenses. Nor do they allege (which is another valid objection to a final discharge) that the bankrupt has, with fraudulent intent to conceal his true financial condition, and in contemplation of bankruptcy, destroyed, concealed, or failed to keep books of account or records from which his true condition might be ascertained, as provided in section 14b. In short, the objections seem to have been made on general principles, without any regard to, or examination of, the bankruptcy law. This is not sufficient. To defeat the purposes of the act, the objections to discharge should be in strict compliance with its provisions. These objections relate exclusively to the time when the debts were contracted. Possibly section 17, providing from what debts a discharge shall not be effectual,—such as "judgments in actions for fraud or obtaining property by false pretenses or false representations," etc.,—has confused counsel, who, without examination of the act, had a general idea this class of debts would form the basis for an objection to, and refusal of, a final discharge. This section does not apply to a petition for a final discharge, however.

The fourth objection is that the bankrupt could not account for the proceeds of sale of goods sold; and, fifth, that "a short while prior to filing his petition" he sold goods, and paid debts contracted several months prior thereto. The periods fixed by the bankruptcy law are definite and specific. Allegations fixing no time within which goods were sold, except by the phrases "a short while prior to," and "several months before," are too indefinite and uncertain. They may mean hours, days, months, or years. They are no more definite than "some time before," or the expressions with which all good nursery tales open,—of "once upon a time," "in the good old days," and other classic phrases with which mothers, nurses, and others mystify and amuse the young mind. In Æsop's Fables, Grimm's and other fairy tales, "Nights with Uncle Remus," or, it may be, in equity proceedings when time is not of the essence of the contract, such expressions may be fit and proper; but in bankruptcy proceedings the periods within which certain acts must be done, or alleged to be done, are fixed by statute, and, unless done or alleged within the statutory periods, they are of no avail. Acts of bankruptcy, assignments or transfers, preferences,

101 F.—36

etc., to be void, must be within four months. Section 67e. Application for final discharge must be after one and within twelve months after the filing of the petition, and objections to a discharge within a year.

Objections 4 and 5, while they may refer, or be intended to refer, to acts which might defeat the bankrupt's discharge, are too indefinite in substance to serve that purpose. The objections are therefore overruled, and the bankrupt will be granted a final discharge.